IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEMONTA RENNA MCBROOM,<br><br>        Petitioner,<br><br>  vs.<br><br>ROBERT AYERS, Warden,<br><br>        Respondents. | No. C 06-6979 RMW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br><br>(Docket No. 4) |

      Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming that the Board of Prison Terms ("Board") should have released him from prison in 1993. The court ordered respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition and petitioner filed an opposition.[1] Based upon the papers submitted, the court concludes that the petition is untimely and will DISMISS the instant petition pursuant to 28 U.S.C. § 2244(d)(1).

///

///

///

---

[1] Respondent did not file a reply.

## BACKGROUND

Petitioner was sentenced to a term of seven years-to-life in state prison after his 1977 conviction in Solano Superior Court for first degree murder (Cal. Penal Code § 187). Petitioner does not challenge his original sentence or conviction in the instant petition. Rather, petitioner claims that his sentence expired in 1993 under California's Indeterminate Sentencing Law ("ISL"), but that the Board has not released him from prison. Petitioner filed two unsuccessful habeas petitions in the state superior court in 2005 and 2006. Petitioner then filed a habeas petition with the state appellate court, which was denied. Thereafter, petitioner filed a petition in the state supreme court which was denied on May 10, 2006. Petitioner filed the instant petition on August 14, 2006 in the United States District Court for the Eastern District of California. The petition was transferred to this court on November 8, 2006.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). AEDPA's one-year limitation period applies to all habeas petitions filed by state prisoners, even if the petition challenges a decision by an administrative board such as a parole board. Shelby v. Bartlett, 391 F.3d 1061, 1062-63 (9th Cir. 2004).

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Where, as here, the petition challenges an administrative action by a parole board, 28 U.S.C. § 2244(d)(1)(D) applies, and the limitations period begins to run on the date on which "the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence." Shelby, 391 F.3d at 1066. Here, petitioner claims that under California's ISL, his release date was set in 1993, and that the Board violated his constitutional rights by failing to release him at that time. Petitioner asserts that his continued incarceration beyond this ISL term is an ongoing violation of his constitutional rights. Pet.'s Opp. at 3. The factual predicate for this claim is that the Board rescinded petitioner's parole date in 1992 and did not release him from custody when his ISL term expired in 1993, a fact of which petitioner was certainly aware of at that time. Petitioner argues that he did not know that his detention was illegal at that time, and that this delay was due to ineffective assistance of counsel and the Board's scheduling practices for parole suitability hearings. Pet.'s Opp. at 5-6; Petition at 15-16.

However, under 28 U.S.C. § 2244(d)(1)(D) the limitations period begins to run "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000). Petitioner asserts that his continued incarceration is an *ongoing* constitutional violation and therefore the petition is timely. He asserts further that his claim is not about the failure to grant parole but rather about the failure to release him because he has fully-served his sentence. However, as the state superior court recognized, petitioner's term of incarceration does not exceed his original sentence, seven years-to-life, nor demonstrate that the time he has actually served is constitutionally disproportionate to his crime of first degree murder. Petition, Attachment (In re Application of Lemonta McBroom, Order on Petition for Writ of Habeas Corpus, Solano County Superior Court, case no. FCR227749, December 14, 2005) at 2. Here, the parole board rescinded petitioner's originally set release date and has not since found him suitable for parole. Based upon petitioner's contentions, the unlawful portion of his sentence began in 1993, when his ISL term allegedly expired and the Board failed to release him. As the factual predicate of petitioner's claim could have been discovered with the exercise of due diligence in 1993, when his ISL term expired, that is when the limitation period commenced under 28 U.S.C. § 2244(d)(1)(D).

///

Where, as here, the limitation period began to run prior to the enactment of AEDPA, petitioner had until April 24, 1997 in which to file his federal habeas petition. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The instant petition was not filed until 2006, approximately nine years later. Thus, absent tolling, the instant petition is untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner's first state habeas petition was not filed until 2005, long after the limitations period had expired in 1997. A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Therefore, there is no basis for statutory tolling in this case.

Because statutory tolling does not render the petition timely, the court must decide whether equitable tolling saves the petition. The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations," Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005), but Ninth Circuit authority holds that the one-year limitation period may be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), cert. denied, 523 U.S. 1, and cert. denied, 523 U.S. 1061 (1998), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Id. (citation and internal quotation marks omitted).

The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). The petitioner must establish two elements in order to be granted equitable tolling:

"(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace, 544 U.S. at 419); see Pace, 544 U.S. at 419 (petitioner's lack of diligence in filing timely state and federal petitions precluded equitable tolling); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The prisoner also must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (holding that where prisoner fails to show causal connection between self-representation on direct appeal or physical and mental disabilities and inability to timely file petition, district court's finding that he was not entitled to equitable tolling where he had earlier filed a state habeas petition was not clear error).

Whether equitable tolling is appropriate turns on an examination of detailed facts. Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002). See, e.g., Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (equitable tolling warranted for inmate's eleven-month stay in ad-seg because he was denied access to legal papers despite his repeated requests for them); Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003) (finding equitable tolling warranted where prison litigation coordinator promises the prisoner's lawyer to obtain the prisoner's signature in time for filing a petition, but then breaks his promise, causing the petition to be late).

In noncapital cases, an attorney's miscalculation of the limitations period and negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling. Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) (assuming without deciding that equitable tolling applies to § 2244(d)(2); in case where prisoner has no constitutional right to counsel, attorney miscalculation of limitations period not sufficient); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (distinguishing capital cases such as Beeler in which the petitioner has the

right to a habeas petition filed by counsel).

A pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. Raspberry, 448 F.3d at 1154; cf. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); Cantu-Tzin v. Johnson, 162 F.3d 295, 299-300 (5th Cir. 1998) (pro se status during state habeas proceedings did not justify equitable tolling); United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993) (pro se status, illiteracy, deafness and lack of legal training not external factors excusing abuse of the writ). However, when a prisoner is proceeding pro se, his allegations regarding diligence in filing a federal petition on time must be construed liberally. Roy v. Lampert, 455 F.3d 945, 950 (9th Cir. 2006).

Petitioner argues that the delay in challenging the unconstitutionality of his incarceration after the alleged expiration of the term of his ISL sentence in 1993 is based upon ineffective assistance of his counsel at his subsequent parole suitability hearings and the Board's scheduling practices for such hearings. Pet.'s Opp. at 5-6; Petition at 15-16. However, petitioner admits that since 1993 he has had at least nine subsequent parole suitability hearings before the Board. Notwithstanding petitioner's allegation concerning the scheduling practices of the Board, petitioner admits that he had an opportunity to appear before the Board at these subsequent hearings to challenge his continued incarceration and failure to set his release date. Accordingly, petitioner has not shown that the Board's scheduling practices prevented him from filing a timely federal petition.

Additionally, petitioner asserts that his attorneys provided ineffective assistance at his subsequent parole hearings because the attorneys did not recognize that his continued incarceration beyond the ISL term was illegal. However, as the state superior court noted in its order denying petitioner's second habeas petition, the Board must first determine that a prisoner is suitable for parole before setting a base term and release date, citing to In Re Dannenberg, 34 Cal.4th 1061, 1091 (2005). Petition, Attachment (In Re Application of Lemonta Renna McBroom, Order Denying Petition For Writ of Habeas Corpus, Solano Superior Court, case no. FCR232407, June 27, 2006) at 2. The superior court recognized that "a base term will only be

1  set after the prisoner has been deemed suitable for parole." Id.

2  Because he has alleged no facts from which it may be inferred that his attorney in any
3  way impeded or prevented him from filing a timely federal petition or lulled him into believing
4  that such a petition would be filed, petitioner's case is distinguishable from Spitsyn v. Moore,
5  345 F.3d 796, 800-01 (9th Cir. 2003) (equitable tolling appropriate where attorney was retained
6  to file and prepare petition, failed to do so, and disregarded requests to return files pertaining to
7  petitioner's case until well after the date the petition was due).  Accordingly, petitioner is not
8  entitled to equitable tolling for the alleged ineffective assistance of his counsel at his parole
9  hearings.

10  Under all of the circumstances, the court concludes that petitioner has not established
11  facts demonstrating he is entitled to statutory or equitable tolling.  Accordingly, the instant
12  petition is barred as untimely under 28 U.S.C. § 2244(d)(1).

### CONCLUSION

14  Respondent's motion to dismiss the petition as untimely (docket no. 4) is GRANTED.
15  The instant petition is DISMISSED pursuant to 28 U.S.C. § 2244(d)(1).  The clerk shall
16  terminate all pending motions and close the file.

17  IT IS SO ORDERED.
18  DATED: 3/28/08

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge